IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRIAN DAVID BRADSHAW, #174849**                                    **PETITIONER**

**VERSUS**                                           **CIVIL NO. 1:14-CV-445-HSO-RHW**

**JIM HOOD, Attorney General**                                       **RESPONDENT**
**for the State of Mississippi**

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER BRIAN DAVID BRADSHAW'S PETITION FOR HABEAS CORPUS RELIEF

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Brian David Bradshaw ("Petitioner"), an inmate of the Mississippi Department of Corrections (MDOC), has filed this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

### I. BACKGROUND

Petitioner was convicted of murder in the Circuit Court of Harrison County, Mississippi, on April 5, 2012. Pet. [1] at 1. Petitioner asserts as grounds for habeas relief the following:

> GROUND ONE: Whether the trial court erred when it failed to grant Bradshaw's Motion for new trial on the grounds the verdict was against the overwhelming weight of the evidence.
>
> GROUND TWO: Whether the trial court improperly suppressed evidence of Johnston's Toxicology report.
>
> GROUND THREE: Whether the trial court erred in granting S-12 which was improper statement of the law and in doing so deprived Bradshaw of his opportunity to assert his theory of defense.
>
> GROUND FOUR: Whether Bradshaw was prejudiced by the jurors

> witnessing him [dressed] in a red jail outfit and shackles and chains on the second day.
> GROUND FIVE: Whether Petitioner was deprived of effective assistance of counsel.

*Id.* at 5-11. Petitioner is requesting "an evidentiary hearing at the very least and to determine Bradshaw's claims on the merits." *Id.* at 15.

## II. DISCUSSION

As required by *Haines v. Kerner*, the Court has liberally construed Petitioner's allegations and determined that this Petition for habeas relief should be dismissed for Petitioner's failure to exhaust his state remedies. *See* 404 U.S. 519, 520-21 (1972). Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to satisfy the exhaustion requirement, the claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition will be dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

The Petition [1] states that "Bradshaw will continue exhausting state remedies but wanted to assert his 28 U.S.C. § 2254 before the one (1) year from direct appeal ended." Petitioner further acknowledges in his Petition [1], in his Response [6] and in his letter [8] that he has pending before the Mississippi

Supreme Court a motion for leave to proceed with his post-conviction relief motion in the trial court. *See Bradshaw v. State*, No. 2014-M-01823 (Miss. filed Dec. 29, 2014). Based on the pending motion for leave to proceed in the state trial court, the Court finds that Petitioner has not completed the exhaustion of his state remedies. As such, the Petition will be dismissed without prejudice for Petitioner's failure to exhaust his available state remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (stating that "[a] federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted") (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005)).

Petitioner's statement that he "wanted to assert his 28 U.S.C. § 2254 before the one (1) year from direct appeal ended" will be construed as a request that this habeas matter be held in abeyance until the Mississippi Supreme Court reaches a decision. Pet. 3 [1]. The Court has the authority to stay a habeas petition and hold it in abeyance while the appellate courts of Mississippi resolve a pending motion. *See Rhines*, 544 U.S. at 276 (2005). The United States Supreme Court has determined that stay and abeyance is only appropriate when three requirements are satisfied: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Having considered the statements in Petitioner's Petition [1] and letter [8] including that he is proceeding with a motion for leave to proceed in the state trial

court, the Court is of the opinion that Petitioner has not established good cause for failing to exhaust his claims first in state court. Because Petitioner does not meet the first requirement of the *Rhines* test, the Court need not address the second and third elements. In this case the "administration of justice would be better served by insisting on exhaustion," rather than staying the Petition prior to a decision by the Mississippi appellate courts. *See Horlesy v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)); *see also Smith v. Waller*, No. 3:11cv675-CWR-FKB, 2012 WL 2367664, at *2 (S.D. Miss. May 14, 2012) (denying the stay and dismissing petition while petitioner's claims were pending in state circuit court); *Knight v. Goff*, 1:06cv1112-LG-JMR, 2007 WL 1576746, at *1 (S.D. Miss. May 30, 2007) (denying stay and dismissing petition because petitioner's claims were pending before the Mississippi Supreme Court). The request to hold the Petition in abeyance is not well taken and will be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief will be denied and the Petition will be dismissed without prejudice based upon Petitioner's failure to exhaust his state court remedies. Petitioner's request that this habeas Petition be held in abeyance likewise will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Brian David Bradshaw's request for habeas corpus relief and his request that his habeas Petition be held in abeyance are **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE